IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JONATHAN JOHNSON, :
:
Petitioner, :
:
v. : Civil Action No. 22-1567-RGA
:
ROBERT MAY, Warden, and :
ATTORNEY GENERAL OF THE STATE :
OF DELAWARE, :
:
Respondents. :

**MEMORANDUM**

**I.   BACKGROUND**

In April 2017, Petitioner pled guilty in the Delaware Superior Court to drug dealing and possession of a firearm by a person prohibited ("PFBPP"). (*See* D.I. 1-2 at 4-5) In October 2017, the Delaware Superior Court sentenced Petitioner to probation for the drug dealing conviction and to twenty-five years (minimum mandatory) as a habitual offender for the PFBPP conviction. *See State v. Johnson*, 2023 WL 195622, at *1 (Del. Super. Ct. Jan. 13, 2023). Petitioner has unsuccessfully challenged his convictions and sentences on numerous occasions in the Delaware state courts;[1] the most recent published state court decision is dated July 10, 2023. *See generally Johnson*, 2023 WL 4441860 (Del. Super. Ct. July 10, 2023).

Pending before the Court is Petitioner's construed Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") (D.I. 1) and a Motion to Stay (D.I. 11). The construed

---

[1]   Petitioner filed his first Rule 61 motion in the Delaware Superior Court on October 17, 2018. *See State v. Johnson*, 2023 WL 4441860, at *1 (Del. Super. Ct. July 10, 2023). Since then, he has filed more than "twenty-plus" requests and motions in the Delaware state courts. *See id.* at *2.

Petition appears to challenge the Delaware Superior Court's jurisdiction to declare Petitioner a habitual offender and also appears to seek the dismissal of his related indictment and sentence. (*See* D.I. 1-2 at 5-6) Because Petitioner's presentation of his claims in the construed Petition is less than clear, the Court issued an Order directing Petitioner to clarify his arguments in a form habeas petition. (D.I. 4) Petitioner did not file a form habeas petition as instructed. Instead, he filed a motion for a thirty-day extension of time to file an amended petition (D.I. 8) followed by a motion to stay because he had a pending postconviction proceeding in the Delaware courts (D.I. 9). On August 25, 2023, the Court granted Petitioner's request for a thirty-day extension to file an amended petition but denied his motion to stay due to insufficient information. (D.I. 10) Thereafter, instead of filing an amended petition or a completed form habeas petition, Petitioner filed the Motion to Stay that is presently pending before the Court. (D.I. 11)

## II.   GOVERNING LEGAL PRINCIPLES

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). If a petitioner presents a federal court with habeas petition containing both exhausted and unexhausted claims ("mixed petition"), the petitioner must either voluntarily dismiss the unexhausted claim or the court must dismiss the entire petition without prejudice to permit exhaustion of state remedies for all claims, but only if the federal habeas limitations

2

period will not clearly foreclose a future collateral attack. *See Rhines v. Weber*, 544 U.S. 269 (2005); *Pliler v. Ford*, 542 U.S. 225 (2004); *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982); *Lambert*, 134 F.3d at 513..

As a general rule, a federal habeas court may stay a timely filed habeas "mixed petition" where: (1) good cause exists for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not plainly meritless; and (3) there is an absence of any indication that the petitioner engaged in potentially dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Good cause typically requires a showing that exhaustion will likely result in the petition being time-barred by the one-year limitations period in 28 U.S.C. § 2244. *See Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013) ("[T]he time remaining on the one-year clock to file a federal habeas petition could reasonably be a component in the 'good cause' determination from *Rhines*."); *Heleva v. Brooks*, 581 F.3d 187, 190-92 (3d Cir. 2009). In addition, the Supreme Court has stated that, when it is unclear whether a petitioner's state filing is timely so as to qualify him for § 2244(d)(2) tolling, he may ensure his compliance with his federal filing deadline by filing a "protective" petition in federal court and asking the federal court to stay and abey the proceeding until state remedies are exhausted. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

## III.   DISCUSSION

The pending Motion to Stay asserts that Petitioner is "seeking a stay of proceedings while litigation of claims within the lower courts is still pending due to court errors." (D.I. 7 at 1) To support his request for a stay, Petitioner has provided a docket from the Delaware Superior Court showing that he has filed: (1) a letter to "amend rearg[u]ment;" (2) a motion to set aside/vacate

final judgment orders; and (3) a letter and an addendum. (D.I. 11-1 at 25, Entry Nos. 182, 183, 184)

Although Petitioner's repetitive request to stay the instant proceeding suggests that he may not have exhausted state remedies for at least some, if not all, of the claims in the instant habeas Petition, Petitioner's Motion to Stay does not provide enough information to stay the proceeding and hold the Petition in abeyance while Petitioner exhausts any unexhausted claims. Notably, the Motion to Stay does not indicate whether Petitioner's litigation before the Delaware state courts relates to a claim presented in the Petition, nor does it indicate whether AEDPA's one-year statute of limitations is in danger of expiring.

Having determined that a stay is not warranted, the Court is left with a Petition that may be mixed. Consequently, the Court will provide Petitioner with the following options for proceeding. The first option is for Petitioner to clarify the claims he has presented in the Petition and, if applicable, inform the Court that he has now exhausted state remedies for all claims. The second option is for Petitioner to clarify the claims he has presented in the Petition, voluntarily delete from his Petition any unexhausted claims, and proceed only with the exhausted claims. The third option is for Petitioner to clarify the claims he has presented in the Petition, identify which claims in the Petition are unexhausted, and file a new Motion to Stay addressing whether AEDPA's limitations period is in danger of expiring and why he failed to exhaust state remedies earlier. The final option is for Petitioner to voluntarily withdraw his entire Petition so that he can re-file the Petition once his state court litigation is completed.[2] Petitioner's failure to

---

[2] Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Petitioner is responsible for determining the events that trigger and toll the limitations period.

4

choose one of these options will result in the Court summarily dismissing the instant Petition without prejudice to enable him to exhaust state remedies.

A separate Order follows.

Dated: November 8, 2023

_____
UNITED STATES DISTRICT JUDGE